Howell v. Miller.

· CORNELIUS C. HOWELL, Respondent, *against* NATHAN G. MILLER, as Guardian of Charles Adams, Defendant.

(Decided January 21st, 1884.)

Upon granting leave to discontinue an action in which an injunction obtained by the plaintiff had been dissolved, an extra allowance was awarded to the defendant; but the order therefor did not show that the court intended the allowance to him to be in satisfaction of damages sustained by the injunction. *Held*, that, upon a reference to ascertain such damages on the undertaking given by plaintiff to obtain the injunction, the amount of the allowance should not be applied to the payment of the damages found by the referee.

APPEAL from an order of this court denying a motion to confirm the report of a referee.

The order of reference was to ascertain the damages sustained by defendant by reason of an injunction granted in the action which was afterwards dissolved. The referee reported that defendant was entitled to damages for fees to his counsel for services incurred in and consequent upon removing the injunction. The plaintiff, and Thomas B. Rand, the surety upon the undertaking given by plaintiff to obtain the injunction, excepted to the report, on the ground that defendant was not entitled to any damages by reason of the injunction, having been compensated for all such damage by an extra allowance which had been awarded to him upon granting an application by plaintiff for leave to discontinue the action. Upon a motion by defendant to confirm the report, the exceptions were sustained, and the motion was denied. From the order thereupon entered the defendant appealed.

*Henry S. Bennett*, for appellant.—The damages by reason of the injunction are special, distinct from and additional to the costs of trial, and are properly ascertainable upon reference (*Palmer* v. *Foley*, 2 Abb. N. C. 191; *Park* v. *Mus-*

*grave*, 6 Hun 223). The payment by plaintiff of costs and extra allowance under the order granting leave to discontinue the action, cannot be offset against the damages sustained by defendant from the injunction. The furthest the courts have gone is, that unless the extra allowance was granted " to cover all allowance of extra costs to be made in any event to the defendant, it cannot be offset" (*Park* v. *Musgrave*, 6 Hun 224; *Troxell* v. *Haynes*, 5 Daly 390; 16 Abb. N. S. 1).

*Samuel Jones*, for plaintiff, respondent.—In the case of *Troxell* v. *Haynes* (5 Daly 389), cited by appellant in support of the proposition that no part of the extra allowance can be applied on the special service of removing the injunction, there was nothing to show that the allowance was in any way made in consideration of the services on the injunction motion; the allowance was made after a trial, and presumably for the services in preparing for and conducting the trial. The case at bar differs materially from that case. Here it affirmatively appears that the allowance covers all expenses of every kind and nature. Again, here there was no trial; the allowance then could only be made for services rendered prior to and on the motion for leave to discontinue. All the proceedings that had been taken were before the judge who made the allowance. He must be considered as having in view all the services rendered, when he made the allowance; especially, since, to authorize an extra allowance, the case must be both difficult and extraordinary—must involve something unusual, and require more than ordinary labor and previous preparation by counsel (*Duncan* v. *De Witt*, 7 Hun 184; *Fox* v. *Fox*, 22 How. Pr. 453, and cases there cited; *Colton* v. *Morrissy*, 6 Week. Dig. 165; *Coffin* v. *Coke*, 4 Hun 616).

In the case of *Park* v. *Musgrave* (6 Hun 223), which may be cited by appellant, the court refused to grant an allowance upon a discontinuance, and held that such denial did not deprive the party of his right to damages under the

terms of the undertaking. This is the only point decided, and is manifestly correct.

*Charles P. Crosby*, for Thomas B. Rand, surety, respondent.—The payment of the extra allowance and the taxable costs to the defendant compensated him fully for all damages sustained by him because of the action, including those "incurred in and consequent upon removing the injunction." It matters not that the order permitting the discontinuance of the action did not so provide. Costs and allowances are now, as they always have been, a "compensation for the expense incurred or paid out by a party in the prosecution or defense of the suit" (*Kopper* v. *Willis*, 9 Daly 466; *Tubbs* v. *Hull*, 12 Abb. Pr. N. S. 237).

VAN HOESEN, J.—I think the order of the special term should be reversed. In December the plaintiff obtained an injunction which was dissolved on the 7th of February, 1882. In January, 1883, the plaintiff applied for leave to discontinue the action, which was granted, and an extra allowance was awarded to the defendant. There is nothing in the order granting the allowance which shows that the court intended that the defendant should not also recover whatever damages he had sustained by the wrongful obtaining of the injunction. The defendant procured an order of reference for the ascertainment of damages he had incurred by reason of the injunction, and the referee allowed damages, to which no objection can be made, unless it be held that by granting the extra allowance the court had already compensated the defendant for such damages as the injunction had caused him. The allowance may have been large, but, if it were, it was not for the judge at special term to reduce it. An appeal lay to the General Term if the allowance were excessive, but the judge at special term had no power to appropriate the allowance to the payment of damages that may not have been, and very probably were not, in the mind of the court that granted it. The law is perfectly well settled that the granting of an extra allowance

is no bar to the recovery of damages upon an injunction undertaking, unless it is made so by the order granting the allowance (*Troxell* v. *Haynes*, 5 Daly 390).

As the defendant may recover damages on the injunction undertaking for the trouble which the injunction has caused him, it may be highly proper to take that fact into consideration when an allowance is applied for, for the defendant ought not to recover damages and also to receive an extra allowance as compensation for one and the same grievance. It follows, therefore, that the court may provide by order that the allowance shall, if accepted, be in satisfaction of the defendant's claim for the labor he encountered in getting rid of the injunction; and where such an order is made, the defendant will be bound by it, unless he procures a reversal on appeal. But unless such an order be made, it will not be presumed, nor can it lawfully be assumed that the allowance was intended by the court to be in full satisfaction of the defendant's claim upon the undertaking. In this case it appears that the learned judge thought the allowance extremely liberal, and that it was enough to pay the defendant for all the labor that was performed in the suit. Whether this be so or not, he was bound by the judgment of the court that granted the allowance, and he had no power to undo the action of that court, as he did do, when he adjudged that what was given as an allowance should, because it was too large, be diverted from that purpose and applied to the payment of damages on the undertaking.

The authorities cited by the counsel for the appellant sustain this view.

The order should be reversed, with costs and disbursements, and the report of the referee should be confirmed.

J. F. DALY and BEACH, JJ., concurred.

Order reversed, with costs, and report of referee confirmed.